# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3066-01-CR-S-DGK |
| | ) | |
| ERNEST UNDERWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant, Earnest Underwood, has filed Motions to Suppress Evidence on the Basis of an Unlawful Search and Seizure under the Fourth Amendment to the United States Constitution. The motions challenge the search warrant applications and affidavit submitted by law enforcement as insufficient to establish the requisite probable cause to support the two searches of defendant's property which included two residences, identified as 52 and 54 Dillwood Lane, Conway, Missouri. Defendant seeks to have all observations, statements, and evidence obtained pursuant to the search of his residence suppressed. The Government has responded in opposition.[1] A hearing was held on the motions on May 11, 2011.

Officer Michael Wells testified at the suppression hearing that no additional information beyond the applications and affidavit were provided to the Dallas County Judge in support of determining probable cause to issue the search warrants for defendant's residences. Defendant does not dispute this issue. Therefore, this Court need only consider that which is set forth within the four corners of the search warrant affidavit. United States v. Hudspeth, 525 F.3d 667, 674 (8th Cir. 2008) (where there is no evidentiary hearing before the judge, the probable cause determination must be based upon only that information which is found within the four corners of the affidavit).

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

**Contents of the Search Warrant Application and Affidavit**

The affidavit submitted in support of the search warrant applications in this case[2] recounts Officer Well's experience and training, and the facts and information relevant to the application for the search warrant for defendant Underwood's residences on Dillwood Lane.

Specifically, the affidavit sets forth the following facts and information to support a finding by the judge that there was a fair probability that contraband or evidence of a crime would be found at Ernie Underwood's residences. On February 17, 2010, a confidential informant (CI) gave information to law enforcement that Charles Young would be traveling to defendant Ernie Underwood's residence on Dillwood Lane in Dallas County, Missouri, to purchase methamphetamine from Underwood and then would return to his residence in Marshfield with the methamphetamine. The affidavit further states that a search warrant was executed at Young's residence where methamphetamine was located. Young and the other person on the premises, Billy Jean Atkinson, both stated that the methamphetamine in the residence had come from Underwood's residence. Atkinson also added that Underwood had been a methamphetamine dealer for years. Young stated that when he purchased his "eight ball" (3.5 grams) of methamphetamine from Underwood, Underwood had about a pound of methamphetamine at his residence. Young further stated that on February 18, 2010 (the night before, in the very early morning hours), he had used methamphetamine with Underwood inside the mobile home which was on Underwood's property, in addition to the house on the property. Young stated that Ernie's daughter lived in the mobile home, but that Underwood had access to each of the residences and moved freely from one to the other. Young stated that he had recently seen methamphetamine in the house on Underwood's property.

The affidavit further makes specific note of traffic stops that had been made on vehicles leaving Underwood's residence that had resulted in methamphetamine being found. These traffic stops had been done just months prior to the warrant application and affidavit, and had resulted not only in methamphetamine being found, but also in statements being given by the driver of a

---

[2]Exh. 1 (Affidavit in Support of Complaint for a Search Warrant to Search for Contraband and Evidence of a Crime), Docs. 24 and 25 (Defendant's Motions to Suppress).

vehicle identifying the source of the methamphetamine found in his car to be Underwood's residence.

The affidavit concludes with statements by Officer Wells that the information in the affidavit is consistent with information received on many occasions by law enforcement from multiple sources stating that Underwood was selling methamphetamine from his residence. Officer Wells identifies one of these sources as a jail interview with a Michael Tester about two months prior, but doesn't specifically identify the other sources. Officer Wells states that during a jail interview, Tester stated he had been selling several pounds of methamphetamine to Ernie Underwood for a long time.

## Discussion

Defendant argues that the affidavit was insufficient to establish probable cause. Defendant argues that the confidential informant was not established as reliable and that the information provided to law enforcement by multiple informants and individuals identified in the affidavit were not sufficiently detailed or corroborated to determine they were reliable. Defendant also argues that the information contained in the affidavit was not specific enough to establish that it wasn't stale.

The Government argues that the affidavit in this case provides sufficient information that would allow the court to issue a search warrant. The Government argues, alternatively, that even if the information was insufficient, the officers could rely in "good faith" on the issuance of the warrant by the court in executing the warrant by searching the defendant's residence.

## Probable Cause

When reviewing another court's issuance of a search warrant, the duty of the reviewing court is simply to ensure that the judge who issued the warrant had a substantial basis for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 238-39 (1983). To determine probable cause in issuing a search warrant, the issuing judge is simply to make a practical, common sense decision whether, given all the circumstances in the affidavit before her, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Id. at 238. The "issuing judge should be paid great deference by the reviewing courts." Hudspeth, 525 F.3d at 674. See also United States v. Stults, 575 F.3d 834, 843 (8th Cir. 2009)

(issuing judge's probable cause determination should be paid great deference by the reviewing courts).

When an informant's tip is set forth in an affidavit in support of a warrant, the "informant's tip may be sufficiently reliable to support a probable cause determination if the informant has previously provided reliable information or if the tip is 'corroborated by independent evidence.'" United States v. Leppert, 408 F.3d 1039, 1041 (8th Cir. 2005). The affidavit in the instant case, as set forth above, sets forth multiple individuals who corroborated one another in providing the same information that Underwood was selling methamphetamine from his residence. This corroboration alone could very well have established probable cause that Underwood was selling methamphetamine from his residence. See id. at 1041 (independent evidence can include one informant providing information consistent with the details provided by a second informant). However, the Court need not merely rely on this corroboration because there were multiple other instances of corroboration of the information that Underwood was selling methamphetamine from his residence.

One of these additional corroborating pieces of evidence were the statements provided to law enforcement by Young. As set forth above, Young's residence was searched after law enforcement received a tip from a confidential informant that Young would travel to Underwood's residence and purchase methamphetamine and then return to his residence. Upon execution of the search warrant, methamphetamine was located in Young's residence and Young made statements to law enforcement that he used methamphetamine with Underwood, and had purchased the methamphetamine law enforcement located at his residence from Underwood. Young's statements to law enforcement were based on his first-hand observations and against Young's own penal interest; these types of statements are presumptively credible, and support a finding of probable cause. Leppert, 408 F.3d at 1042. Defendant's argument that Young and other persons in the affidavit are persons with criminal records and, thus, cannot be presumed credible is against the standards set forth by the courts. As noted by the Eighth Circuit in Leppert, although an informant's prior convictions do not enhance his credibility, many informants have prior convictions and their statements need not have been beyond any doubt to

support the "fair probability standard" that contraband would be found at a particular location. Id.

The February 17, 2010 statements of the confidential informant that Underwood was selling methamphetamine from his residence and that Young would be traveling to Underwood's residence to purchase methamphetamine were corroborated by law enforcement actions in searching Young's residence in accordance with the information provided by the confidential informant, as well as the statements made by Young and Atkinson, who were at Young's residence. The search of Young's residence resulted in law enforcement finding methamphetamine, and Young giving detailed information identifying the source of his methamphetamine as Underwood's residence. Atkinson's statements also confirmed that the methamphetamine was from Underwood and added that Underwood had been a big drug dealer for years.[3] The information from this confidential informant was clearly corroborated by the independent actions of law enforcement, as well as by the statements of Young and Atkinson.

Additionally, there were further independent actions of law enforcement which corroborated the statements of Young, the confidential informant, and multiple other persons identified in the affidavit that Underwood was selling methamphetamine from his residence. United States v. Murphy, 69 F.3d 237, 240 (8th Cir. 1995) (corroboration may be achieved by independent police work which verifies aspects of the informant's information). The affidavit specifically states that within the past several months, Dallas County had conducted traffic stops of vehicles leaving Underwood's residence, which on at least one occasion resulted in officers locating methamphetamine and the driver identifying Underwood as the source. Defendant's argument that the affidavit is unclear as to whether methamphetamine or simply methamphetamine paraphernalia was located in the vehicle is without merit. The affidavit specifically identifies statements of the vehicle's driver that the methamphetamine in the vehicle came from Underwood's residence. Identification by the driver of the vehicle that there is

---

[3]The additional information supporting the reliability of this confidential informant, which Officer Wells testified to at the suppression hearing, need not be addressed by the Court because this information was not within the four corners of the affidavit, and was not considered by the issuing judge.

methamphetamine in the vehicle, and that it was obtained from Underwood's residence, sufficiently identifies that methamphetamine and not simply methamphetamine paraphernalia was found in the vehicle. Defendant's argument that the officers failed to confirm the substance found in the vehicle was in fact methamphetamine also has no merit. (Tr. 53-55.) Law enforcement may make reasonable inferences in preparing affidavits in support of a warrant. United States v. Thompson, 210 F.3d 855, 860 (8th Cir. 2000). Here it is certainly reasonable for purposes of the warrant affidavit for Officer Wells to make the inference that the substance identified by the vehicle's driver to be methamphetamine was, in fact, methamphetamine.[4]

As to defendant's argument that the information in the affidavit is stale, the Court finds this argument also to be without merit. Set forth in the affidavit are specific notations of relevant dates and times, clearly indicating the information was not stale.

Defendant's argument that Officer Wells didn't know the specific house numbers of defendant's residences on Dillwood until the warrant application stage fails to support that the issuing judge's finding of probable cause was in error. (Tr. 78.) The affidavit in support of the warrant clearly identifies Underwood's property, both by description and specific house numbers and street address.[5]

Defendant's argument, raised orally at the suppression hearing (Tr. 66-67, 81), as to lack of jurisdiction by Officer Wells is also without merit. Missouri law does not require the applying peace officer to be deputized in the county where the search warrant is to be issued. See Mo. Rev. Stat. § 542.276 (sets forth requirements for applying for search warrant) and § 542.261 (defines peace officer). Additionally, as set forth in the Government's Supplemental Response (Doc. No. 35), the application was issued by a Dallas County judge, with a Dallas County prosecuting attorney signing the application. This Court finds that this warrant was legal because

---

[4]Although outside that provided in the warrant affidavit, the Court notes that Officer Wells testified he was aware that the substance found in the vehicle had field-tested positive to be methamphetamine. (Tr. 54-55.)

[5]The Court notes Officer Wells testified at the suppression hearing that his not knowing the specific house numbers of Underwood's residences until applying for the search warrant wasn't a concern because Underwood's residences were the only residences on Dillwood Lane. (Tr. 78.)

the authority to issue such warrants resides with the Court and not with the party making the application. Moreover, any technical deficiencies as to the warrant application are not fatal to a search warrant where it is properly issued by a state court based on probable cause. See State v. Gordon, 851 S.W.2d 607, 610-11 (Mo. Ct. App. 1993) (search warrant is not invalid because prosecuting attorney fails to sign the application). Finally, even if a deficiency was determined as to the jurisdiction of Officer Wells, the participation of Dallas County officers in the execution of the search warrant would have cured any such deficiency. See State v. Elliot, 845 S.W.2d 115, 121 (Mo. Ct. App. 1993) (participation by county deputies in executing search warrant on property in county but outside of city validated execution of warrant even though city officers participated).

Defendant's motion to suppress challenges what he believes should have been contained in the affidavit, rather than properly addressing whether that information actually contained in the affidavit was sufficient to establish probable cause. Defendant's arguments which attempt to parse the language of the affidavit are contrary to the common sense approach advocated by the courts. Hudspeth, 525 F.3d at 674. This Court finds that the affidavit sufficiently establishes the credibility of the information received by law enforcement, and sufficiently sets forth how this information was corroborated by law enforcement. There was sufficient basis, given all the circumstances in the affidavit before the judge ,to establish a fair probability that contraband or evidence of a crime would be found at Ernie Underwood's residences. The court notes that probable cause only requires a fair probability, not hard certainties. Hudspeth, 525 F.3d at 676.

## Good-Faith Exception

Furthermore, the Court finds that even if probable cause did not exist, upon de novo review, defendant's motion to suppress should be denied under the good-faith exception in United States v. Leon, 468 U.S. 897 (1984). The good-faith exception allows evidence obtained pursuant to a facially valid search warrant, later found to be invalid, to be admissible if the executing officers acted in good faith and in objectively reasonable reliance on the warrant. Id. Reliance on a judge's determination of probable cause is reasonable in the execution of a search warrant unless a reasonably well-trained officer would have known the search was illegal despite the judge's authorization. Id. at 922. In the instant case, the Court finds that reliance by the law

7

enforcement officers who executed the search warrant was reasonable. There is no evidence that the Dallas County judge was misled by the affidavit provided by Officer Wells or that the judge wholly abandoned his judicial role. Id. at 923. Moreover, the warrant application and affidavit are not so lacking in indicia of probable cause so as to render reliance unreasonable, nor is the warrant so facially deficient that reliance upon it is unreasonable. Id. The Court finds reliance on the warrant by executing officers to be reasonable, and therefore, the good-faith exception applies to the evidence seized from defendant's residence, as well as to any observations made by law enforcement or statements made by defendant.

## Conclusion

For the reasons set forth above, this Court finds that the search warrant affidavit was sufficient to support a finding of probable cause, and furthermore, that the good-faith exception would apply to the officers' execution of the search warrant. Therefore, neither the search of defendant's residences, nor defendant's arrest were a violation of his rights, and the evidence, observations and subsequent statements made by defendant will not be suppressed.

IT IS, THEREFORE, RECOMMENDED that defendant's motions to suppress be denied [24, 25]

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 7th day of June, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge